UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONNIE BEE CISLO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRANDON MARTZ, )<br>JERRY GILLEY, )<br>)<br>Defendants. ) | No. 1:18-cv-03137-TWP-TAB |

**Entry Granting Motion to Proceed *In Forma Pauperis*, Screening Complaint,
and Directing Service of Process**

**I. *In Forma Pauperis***

The plaintiff's motion for leave to proceed without prepaying fees or costs, dkt [3], is **granted** because the Court finds that the plaintiff does not have the assets or means to pay even an initial partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), the plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. He is still obligated, however, to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See id*. § 1915(b)(1). "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening Standard**

The plaintiff is a prisoner currently incarcerated at the Pendleton Correctional Facility (Pendleton). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court

has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. The Complaint

The plaintiff's complaint names two defendants: 1) Sergeant Brandon Martz; and 2) Captain Jerry Gilley.

The plaintiff alleges that he is a mental health inmate and is confined in the segregated housing unit. On June 25, 2018, the plaintiff started a new "psychotic" medicine but suffered a "psychotic" episode in his cell on June 13, 2018. Dkt. 2. He made a request to defendant Martz that he be seen by mental health staff.

Martz administered "bear" repellant spray on the plaintiff, and it burned his eyes, face, mouth, body, testicles, penis, and anus for several hours. The plaintiff was also in severe pain for several hours.

Defendant Jerry Gilley witnessed this incident and failed to intervene to provide mental health treatment to the plaintiff. Instead, Martz and Gilley allegedly high-fived each other.

The plaintiff was seen by mental health staff after being sprayed, and they determined he could not control his psychotic episode.

The plaintiff seeks injunctive and declaratory relief and compensatory and punitive damages.

### IV. Claims that May Proceed

The plaintiff's Eighth Amendment claim for excessive force against defendants Martz and Gilley **shall proceed** as alleged.

If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through October 31, 2018,** in which to identify those claims.

### V. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### VI. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Brandon Martz and Jerry Gilley in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### VII. Summary

The plaintiff's motion to proceed *in forma pauperis*, dkt. [3], is **granted**.

The plaintiff's Eighth Amendment excessive force claim against defendants Martz and Gilley shall proceed as submitted.

**IT IS SO ORDERED**.

Date: 10/22/2018

*Tanya Walton Pratt* (signature)

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RONNIE BEE CISLO
149961
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only


DOC Employee to be electronically served:

Brandon Martz
Pendleton Correctional Facility, Sergeant


Jerry Gilley
Pendleton Correctional Facility, Captain