# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RONNIE BEE CISLO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-03137-TWP-TAB |
| BRIAN MARTZ, and JERRY GILLEY, Captain, individually and official capacities, | ) ) ) ) |
| Defendants. | ) ) |

## ENTRY DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Defendants' Motion for Summary Judgment filed on August 7, 2019. (Dkt. 40.) Plaintiff Ronnie Cislo's ("Mr. Cislo") alleges that while he was incarcerated at Pendleton Correctional Facility, his Eighth Amendment rights were violated when Defendant Sergeant Brian Martz administered two applications of "bear" repellant spray while Mr. Cislo was experiencing a severe psychotic episode. Defendant Captain Jerry Gilley allegedly witnessed the incident and failed to intervene to assist Mr. Cislo.

The Defendants argue that the claims alleged against them are barred under the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, which requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit. Mr. Cislo filed a Response, the Defendants filed a Reply, and Mr. Cislo filed a Surreply. For the reasons stated below, the Motion is **denied**.

## I. LEGAL STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable

substantive law." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.*, 906 F.3d 621, 628 (7th Cir. 2018).

## II. MATERIAL FACTS

At all times relevant to his claims, Mr. Cislo was incarcerated at Pendleton Correctional Facility ("PCF"). At the time of the alleged incident, PCF maintained a grievance process pursuant to Indiana Department of Correction's ("IDOC") policy. This process, which is entitled Offender Grievance Process, Policy and Procedure 00-02-301, requires inmates to exhaust three steps prior to filing a lawsuit. (Dkt. 41-1 at ¶¶ 8, 10; Dkt. 41-2 at 3.)

The Defendants assert that an inmate receives information concerning the Offender Grievance Process during the admissions and orientation process and that copies of the Offender Grievance Process are available in the law library. (Dkt. 41-1 at ¶¶ 22-23.) They also contend that the Offender Grievance Process is always available to inmates, even if an inmate is in restricted housing or segregation. *Id.* at ¶ 21.

The Defendants produced Mr. Cislo's grievance record which indicates that Mr. Cislo did not file any accepted formal grievances or formal appeals related to the incident alleged in the Complaint. (Dkt. 41-3.) The Defendants also produced records of Mr. Cislo's returned grievances. (Dkt. 50-1.) While none of these grievances addresses the incident alleged in the Complaint, Mr. Cislo did attempt to file a grievance concerning the prison staff's failure to provide assistance with

preparing grievances while Mr. Cislo was in restricted housing as required by IDOC policy. (Dkt. 50-1 at 19.)

Mr. Cislo states that he was never given an orientation on the Offender Grievance Process because he went directly into restricted housing upon arrival at PCF. (Dkt. 48 at 1, 5.) Additionally, he contends that he repeatedly asked for staff assistance with preparing a compliant grievance, as permitted in the Offender Grievance Process, *see* Dkt. 41-2 at 7, but never received assistance, *see* Dkt. 48 at 2, 3. Mr. Cislo highlights that he even attempted to file a grievance based on his requests for aid. (Dkt. 48 at 3.)

### III. DISCUSSION

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 39, 397 (7th Cir. 2004).

"An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure is unavailable when 1) the process operates as a "simple dead end," 2) when it is so opaque that it is incapable of use, and 3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. For example, if an inmate requests a grievance from a staff member who, pursuant to the grievance policy is required to provide one upon request, and the request is denied, the administrative process has been rendered "unavailable." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016).

It is the burden of the Defendants to establish that the administrative process was available to Mr. Cislo. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Although there is no dispute that Mr. Cislo did not file an accepted grievance concerning the incident alleged in the Complaint, there are material facts in dispute regarding whether Mr. Cislo had been given information about the Offender Grievance Process generally and whether prison staff responded to Mr. Cislo's requests for assistance in preparation of a grievance. Mr. Cislo's allegation that he did not receive an orientation concerning the Offender Grievance Process falls into *Ross*'s second category of unavailability, and Mr. Cislo's assertions that prison staff did not assist him while he was in restricted housing falls into *Ross*'s third category of unavailability. The Defendants have not demonstrated that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law on these claims.

## IV. CONCLUSION

Accordingly, the Defendants' Motion for Summary Judgment, Dkt. [40], is **DENIED**. The Defendants shall have **through Thursday, December 26, 2019,** by which to notify the Court in writing either that they have abandoned their affirmative defense of exhaustion or that they request a hearing to resolve the factual disputes detailed above.

**SO ORDERED.**

Date: 11/27/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ronnie Bee Cislo, #08-1209
LAPORTE COUNTY JAIL
809 State Street, Suite 201A
LaPorte, Indiana 46350

Marley Genele Hancock
INDIANA ATTORNEY GENERAL'S OFFICE
marley.hancock@atg.in.gov

Matthew Stephen Koressel
INDIANA ATTORNEY GENERAL'S OFFICE
matthew.koressel@atg.in.gov