# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RONNIE BEE CISLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-03137-TWP-TAB |
| | ) |
| BRIAN MARTZ and JERRY GILLEY, Captain, | ) |
| individually and official capacities, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Brian Martz ("Sergeant Martz") and Jerry Gilley ("Captain Gilley") (collectively, the "Defendants"). Plaintiff Ronnie Bee Cislo ("Mr. Cislo"), an inmate currently incarcerated at Pendleton Correctional Facility ("Pendleton"), initiated this action under 42 U.S.C. § 1983 alleging that correctional officers used excessive force against him while he was experiencing a mental health episode. Because there is a material factual dispute concerning the use of force and the Defendants are not entitled to qualified immunity, the Motion for Summary Judgment, (Dkt. 89), is **denied**.

## I. SUMMARY JUDGMENT STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party

1

meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

The court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit has assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the nonmoving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II.  **FACTS AND BACKGROUND**

On June 13, 2018, while incarcerated in a restrictive housing unit at Pendleton, Mr. Cislo told Sergeant Martz that he would like to speak with someone from the mental health unit. (Dkt. 89-1 at 8-11; *see also* Dkt. 89-5 at 2.) Sergeant Martz said he would ask someone from the mental health unit to speak with Mr. Cislo. (Dkt. 89-1 at 10-11.)

Before he could speak with someone from the mental health unit, Mr. Cislo experienced a "psychotic episode" and began talking to the mirror in his cell. *Id.* at 11. Sergeant Martz heard Mr. Cislo say he was going to pull the mirror off the wall, and Sergeant Martz saw Mr. Cislo try to do so. (Dkt. 89-2.) Sergeant Martz twice ordered Mr. Cislo to stop pulling on the mirror. *Id.*

When Mr. Cislo did not comply with orders, Sergeant Martz sprayed Mr. Cislo in the head with oleoresin capsicum spray ("OC spray"). *Id.* Mr. Cislo did not stop pulling at the mirror in his cell, and Sergeant Martz deployed a second application of OC spray, again hitting Mr. Cislo in the head. *Id.* Mr. Cislo then stopped pulling at the mirror and submitted to restraints. *Id.* During this incident, Captain Gilley was at the end of the hall. (Dkt. 89-1 at 16.) He was "in charge" of the unit where Mr. Cislo was housed. *Id.* at 16-17. After deploying OC spray on Mr. Cislo, Sergeant Martz and Captain Gilley high-fived and congratulated each other. (Dkt. 94-1 at 2; *see also* Dkt. 2 at 4; Dkt. 89-1 at 8, 17-18.)

Mr. Cislo denies that he tried to pull the mirror off the wall and that Sergeant Martz ordered him to stop. (Dkt. 89-1 at 12; *see also* Dkt. 96 at 5.) He claims that he did nothing more than talk to the mirror and his "alternative personality". (Dkt. 89-1 at 11-12.)

Mr. Cislo was taken to the medical unit for evaluation after the incident. Dkt. 89-1 at 19. His medical records reflect that he denied having shortness of breath or "any physical concerns from the spray." (Dkt. 89-5 at 2.) Mr. Cislo disputes the accuracy of the medical records and states that he experienced excruciating pain because of the use of the OC spray. (Dkt. 96 at 2, 5; Dkt. 89-1 at 14.)

### III.  ANALYSIS

Mr. Cislo argues that Sergeant Martz used excessive force when he deployed OC spray. He focuses on the following facts: (1) Sergeant Martz knew Mr. Cislo was experiencing a mental health episode, (2) he deployed OC spray at Mr. Cislo's head twice, (3) Mr. Cislo was in a locked cell and a mental health professional was on the way, and (4) Sergeant Martz exchanged a high-five and congratulations with Captain Gilley after the incident. (Dkt. 96 at 2-3.) He contends that Captain Gilley is liable because he failed to intervene to stop Sergeant Martz's use of excessive

force. (Dkt. 96 at 3.) The Defendants argue that they are entitled to judgment as a matter of law because (1) Captain Gilley was not involved in the use of force, (2) the use of force was reasonable under the circumstances, and (3) they are entitled to qualified immunity. (Dkt. 90 at 5-9.)

### A. Captain Gilley's Involvement in Use of Force

Captain Gilley cannot escape liability on the basis that he was not personally involved in the use of OC spray. Liability under the Eighth Amendment extends not only to individuals who use excessive force, but also to those who fail to intervene in an ongoing instance of excessive force. *Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018) ("An officer who fails to intervene to try to prevent known or cruel or unusual force, despite a reasonable opportunity to do so, may be held liable under § 1983.").

Mr. Cislo has presented uncontested evidence that Captain Gilley was in charge of Mr. Cislo's housing unit, was present when Sergeant Martz used the OC spray, and celebrated the use of OC spray. Under these circumstances, a jury could reasonably conclude that Captain Gilley had an opportunity to intervene and stop the use of force but did not. Captain Gilley is not entitled to judgment as a matter of law.

### B. Excessive Force

The "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citation and quotation marks omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillan*, 503 U.S. 1, 6 (1992) (citation and quotation marks omitted); *see Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam). "[T]o survive a motion

4

for summary judgment, [the plaintiff] must have evidence that 'will support a reliable inference of wantonness in the infliction of pain.'" *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) (citing *Whitley v. Albers*, 475 U.S. 312, 322 (1992)).

Neither Defendant is entitled to judgment as a matter of law because Mr. Cislo has presented uncontradicted evidence that supports an inference of wantonness. Specifically, Mr. Cislo states that Sergeant Martz and Captain Gilley exchanged a high-five and congratulated each other after Sergeant Martz deployed OC spray on Mr. Cislo. (*See* Dkt. 2 at 4; Dkt. 89-1 at 8, 17-18; Dkt. 94-1 at 2.) The Defendants have not contradicted this evidence and do not address these allegations. Considering this uncontradicted evidence, a jury could reasonably conclude that the Defendants used OC spray "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline."[1] *Hudson*, 503 U.S. at 7.

Sergeant Martz and Captain Gilley also argue they are entitled to summary judgment because Mr. Cislo sustained only *de minimus* harm. (*See* Dkt. 90 at 8.) But, it is undisputed that they congratulated each other after the use of force. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Hudson*, 503 U.S. at 9. Even if the use of force caused little or no physical injury to Mr. Cislo, if a jury concludes that the Defendants acted maliciously and sadistically, the Defendants violated Mr. Cislo's Eighth Amendment rights.

---

[1] The Defendants take issue with Mr. Cislo's assertion that he was not pulling the mirror off the wall, arguing that he is barred from making such allegations under *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. 90 at 7.) Even if *Heck* precludes Mr. Cislo from disputing that he attempted to pull the mirror off the wall, the uncontradicted evidence that Sergeant Martz and Captain Gilley shared a high-five and congratulations after using the OC spray creates a material factual dispute that precludes summary judgment.

### C. Qualified Immunity

Sergeant Martz and Captain Gilley argue that they are protected from liability by qualified immunity. (Dkt. 90 at 8-9.) "Qualified immunity is a doctrine that protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019) (internal quotation marks and citations omitted). "To defeat a defense of qualified immunity, the plaintiff must show two elements: first, that the facts show 'a violation of a constitutional right,' and second, that the 'constitutional right was clearly established at the time of the alleged violation.'" *Id.* (quoting *Gill v. City of Milwaukee*, 850 F.3d 335, 340 (7th Cir. 2017)).

As explained above, there is a material factual dispute regarding whether the Defendants violated Mr. Cislo's Eighth Amendment rights. The dispositive question then is whether an inmate's right to avoid the use of excessive force was clearly established at the time of the incident.

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). This inquiry asks "whether the violative nature of *particular* conduct is clearly established." *Ashcroft v. al-Kidd*, 563 U.S. 731 742 (2011). The Court "must determine whether a right is clearly established 'in light of the specific context of the case, not as a broad general proposition.'" *Leiser*, 933 F.3d at 702.

It is clearly established that a prison official cannot use force maliciously and sadistically. *See Hudson*, 503 U.S. at 7. As explained above, the fact that the Defendants shared a high-five and congratulations raises an inference of wantonness. If a jury concludes that the use of force was malicious and sadistic, the Defendants are not entitled to qualified immunity. But, if a jury

6

concludes that the use of force was a good faith effort to restore order, the Defendants are entitled to qualified immunity. This factual dispute precludes the Court from entering judgment as a matter of law in favor of the Defendants on the basis of qualified immunity. *See Clash v. Beatty*, 77 F.3d 1045, 1048 (7th Cir. 1996) (affirming denial of qualified immunity on summary judgment because the facts concerning the reasonableness of the police officer's action needed to be "developed in the district court before a definitive ruling on the defense could be made").

## IV.  CONCLUSION

For the reasons discussed above, the Defendants' Motion for Summary Judgment, Dkt. [89], is **DENIED**.

Mr. Cislo's claims against Sergeant Martz and Captain Gilley will be resolved via settlement or trial. It is the Court's preference that counsel represent Mr. Cislo for purposes of settlement and trial. Therefore, the Court *sua sponte* reconsiders the denial of Mr. Cislo's Motion for Assistance With Recruiting Counsel. Said motion, Dkt. [64], is **GRANTED** to the extent the Court will attempt to recruit pro bono counsel to represent Mr. Cislo.

**SO ORDERED.**

Date:  7/21/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ronnie Bee Cislo, #149961
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064

Benjamin Charles Wade
INDIANA ATTORNEY GENERAL'S OFFICE
ben.wade@atg.in.gov